M'BRIDE *against* THE MARINE INSURANCE COMPANY.

*HARRIS* and *T. A. Emmet*, for the plaintiff, moved for leave to issue execution on the judgment given in this cause, in *February* term, 1810, (see 5 *Johns. Rep.* 299.) for a sum which should include 1,304 dollars and 66 cents, for the *wages of the crew* of the vessel, from the time she was embargoed, until the defendants assented to their being paid off and discharged, that is, from the 5th of *January* to the 7th of *June*, 1808, and 425 dollars and 84 cents for disbursements, from the 9th of *June*, 1808, to the 8th of *June*, 1809, when the ship was sold; and also for the expenses of the sale and wharfage of the ship.

It appeared that the ship was detained by the embargo, at *North-Carolina*, and the plaintiff abandoned on the 19th of *January*, 1808, but the defendants refused to accept the abandonment. The plaintiffs made repeated offers to the defendants to have the crew paid off, and the ship dismantled. On the 24th of *May*, 1808, the defendants agreed, in writing, that the ship should be dismantled, and crew discharged, which was accordingly done; and the ship was brought to the wharf. On the 5th of *August*, 1808, the ship sprung aleak, and it became necessary to land her cargo, part of which was damaged. The expense of unlading was 60 dollars, and the expense of selling the damaged part of the cargo, and storing the sound part until the voyage was broken up, and the ship sold, amounted to 600 dollars more. On the 20th of *August*, 1808, the plaintiff requested the defendants to consent to have the ship sold, but they refused. In *April*, 1809, the plaintiff again applied to the defendants to accept the ship, or consent to have her sold; but they refused. By an agreement, however, dated the 8th of

The *wages* of the crew, during a detention by an embargo, are not chargeable to the *ship*, nor are they *general average*, but fall on the *freight*.
If the ship is abandoned to the insurer, and he accepts the abandonment, *it seems* he is entitled to the subsequent freight; and the subsequent wages of the crew will be chargeable to him as owner, but not as insurer. If the insurer does not accept the abandonment, he can be liable only for a total loss, and the necessary expenses incurred in labouring for the safety and recovery of the subject insured; in which may be included the expenses of *wharfage* and of *selling* the ship.

ALBANY,
Feb. 1811.

M'BRIDE
v.
MAR. INS. Co.

*May*, 1809, the defendants consented to a sale of the ship.

In the action on the policy, the plaintiff took a verdict by consent, for 10,651 dollars and 39 cents; but the exact amount was to be afterwards liquidated by the parties. The court were of opinion that the plaintiff was entitled to recover on the abandonment for a total loss; but in liquidating the amount, the defendants refused to allow the *wages* of the crew, during the detention of the ship, the *expenses* for *unloading* the cargo, &c. and the expenses of the *sale and wharfage*.

*Harris* cited 1 *Caines' Rep.* 276. 215. 5 *Johns. Rep.* 310. *Peake's N. P.* 71. *Marshall on Insurance*, 721. 1 *Term Rep.* 127. 4 *Term Rep.* 206. 4 *East*, 34.

*Colden*, contra, cited 1 *Caines' Rep.* 573. 3 *Caines' Rep.* 155.

*Per Curiam.* The wages of the crew during the detention of the ship by the embargo, and until they were discharged, were not covered by the policy upon the ship. They do not even go into a general average, but fall exclusively upon the freight. This general rule has been often admitted. (1 *Term Rep.* 127. *Buller*, J. in 2 *Term Rep.* 414. 3 *Caines' Rep.* 155. 4 *Dallas*, 246.) The foreign authorities on commercial law speak the same language. (*Ord. de la Marine, lib.* 3. *tit.* 7. *art.* 7. *Pothier, Traité des Charte Partie*, No. 85. *Ricarde Négoce d'Amsterdam*, p. 279.) But it is said, that upon a valid abandonment, the subsequent freight belongs to the insurer upon the ship. This is undoubtedly the better opinion. It does not, however, follow, that the insurer is responsible for this charge upon his contract of insurance. If he accepts the abandonment, the subsequent wages will be chargeable to him, as owner, and not as insurer. In this case the defendants would not accept of the abandonment, and the plaintiff might

ALBANY,
Feb. 1811.

M'BRIDE
v
MAR. INS. CO.

have sold the ship according to the decision in *Waldens* v. *The Phœnix Insurance Company.* (5 *Johns. Rep.* 310.) But if the plaintiff, instead of selling the ship, or laying her up and discharging the crew, thought proper to continue the crew in service and under wages, he cannot make that expense a charge under the policy on the ship. In addition to the payment of a total loss, the insurer is answerable only for the necessary expenses incurred in labouring for the safety and recovery of the subject insured. His contract reaches to no other charge, and the detention of the crew was not requisite for that purpose. As the sovereign who lays the embargo, says *Ricard*, does not claim the ship or cargo, but only detains them, it cannot be said that the crew remain on board to prevent an entire loss. The crew, says *Pothier*, are maintained during the detention, at the exclusive expense of the owner; for he owes their services to the shipper for the voyage, and the price of their services is embraced by the freight.

The next charge made by the plaintiff was, the expense of unloading the cargo and the storage of it; but this *item* was properly abandoned by the counsel, as totally untenable. The authority of the books is expressly against it. (1 *Emerig*. 539.)

The last charge is, the expense of the sale and wharfage of the ship. These are proper charges, and ought, in this case, to be deducted from the amount of the sale of the ship, and the defendants ought to be credited with the net amount of the sale, after deducting the actual expenses of the sale and the wharfage. The expense of wharfage must have been necessarily incurred, in taking care of the vessel. It was requisite to her safe-keeping, and if any difficulty occurs, in the liquidation of these last charges, between the parties themselves, it must be referred to Mr. *Ferrers* to ascertain the amount, which, together with the costs of this motion, must be paid by the defendants. Judgment accordingly.