## P. & C. Guenther v. Dewein.

1. Lottery. In order to sell a tract of land at a good price, it was subdivided into lots and these lots then divided into three classes, denominated first, second and third classes. They were sold in this manner: Parties who subscribed for one or more shares, paid down $25 per share, with the condition that if they drew a lot in the first class, they should pay $225 more; if in the second, $200; if in the third $175. The inducement held out was that there was a house on one of the lots in the first class which was worth more than $250. The aggregate value of all the lots in a certain class, divided by the number of lots in the class, gave the value affixed on each lot; but in each class there were lots worth more, and some worth less, than this price. In an action upon a bond given for one of the lots thus purchased it was held that the manner of sale constituted a lottery scheme, and the contract would not be enforced.

*Appeal from Des Moines District Court.*

Saturday, October 6.

This case was submitted to the court below and decided upon the following agreed statement of facts: Plaintiffs sue upon a contract by the terms of which defendant was to pay them $225, and they in consideration thereof were to convey to him a certain tract of land. It was agreed that this contract was made under these circumstances: Plaintiffs owned a tract of land. In order to sell it at a good price, they caused the same to be subdivided into lots, and the plat thereof to be recorded. These lots were then divided into three classes, denominated, first, second and third, and plaintiffs proposed to sell them by a species of lottery, thus: They induced parties to subscribe for one or more shares, who paid down $25 per share, with the condition that if they drew a lot in the first class they should pay $225 more; if in the second, $200; if in the third, $175; making $250 for a first class lot, and so on as to the other classes. The inducement held out for this arrangement was, that there was a house on one of the lots in the first class, which made it worth more than $250. The price per lot was arranged

thus: The values of all lots in a certain class, added together and divided by the number of lots in that class, would give the price fixed on the lots in each class. In each class there were lots worth more than the price agreed to be paid, and others worth less. A lot in class one, was better worth $250, than one in class two was worth $200, and so of the third class. After a certain number of shares had been taken, a drawing was had to determine what lots should be awarded to subscribers or share owners, and after it was thus known, bonds were executed, upon one of which bonds this suit is instituted.

Upon these facts the court found for plaintiffs, and defendant appeals.

*Hall, Harrington & Hall* for the appellants.

*Browning & Tracy* for the appellee.

WRIGHT, J.—The constitution of this State declares that, no lottery shall be authorized by this State, nor shall the sale of lottery tickets be allowed; Art. 3, section 28. And by the law it is provided that if any person make, or aid in making, or advertise or make public any scheme; or advertise or offer for sale any ticket; or sell, negotiate, or dispose of, or purchase or receive any ticket for, or in any lottery in this State, he shall be punished by fine or imprisonment, or both. Code, section 2730.

The reason and policy of this constitutional provision and this statute, unite in our opinion, to declare this contract void. The reason for such legislation is found in the language of the preamble to New York Act, upon the same subject. (Rev. Laws 1, 35.) "Whereas experience has proved, that private lotteries occasion idleness and dissipation, and have been productive of frauds and impositions." And we regard that the *spirit* and policy of the law is as much violated by an agreement or scheme of the character disclosed in this instance, as though repugnant in words to

the express language of the Act. The general rule is that all agreements which have for their object anything which is repugnant to the general policy of the common law or contrary to the provisions of any statute, are void and will not be enforced. .(1 Comyn 30). And so, again, a contract, which, in its execution, contravenes the policy and spirit of a statute, is equally void, as if made against its positive provisions. (3 Term. R.. 23.) And see remarks of Lord Mansfield in *Holman* v. *Johnson,* Cowp. 343; *Hunt* v. *Knickerbocker,* 5 John. 326; *Belding* v. *Pitkin,* 2 Caines 149; *Mount* v. *Waite* 7 John. 433; 1 Law & Equity, 466; Story on Contract, section 220.

We cannot but regard the transaction as a scheme in effect for the distribution of prizes by chance, (2 Bouvier's Law Dict., Tit. Lottery,) and as such it should receive no sanction from the courts of the country. Public policy and the suppression of frauds and impositions require that such schemes should not receive legal toleration.

Judgment reversed.