REYNOLDS v. HINDMAN *et al.*

Threshing machine: CONTRIBUTORY NEGLIGENCE: ACT OF 1866. Chapter 135, acts of the eleventh General Assembly, requiring the tumbling rods of threshing machines to be boxed, and providing that the person or persons owning or running such machine shall be liable in damages to any person injured by reason of neglect so to do, was not intended to change the general rule, applicable to such cases, that a plaintiff cannot recover for injuries resulting from the alleged negligence of the defendant, if his own negligence in any way contributed directly to the injury. The statute merely provides, that a failure to box as required is, *per se*, negligence on the part of the owner or person running the machine, leaving the rule respecting contributory negligence on the part of the injured party to apply the same as in other cases.

*Appeal from Marion Circuit Court.*

THURSDAY, JULY 27.

THE plaintiff avers in his petition, in substance, that the defendants were, in the month of November, 1869, the owners of, and were operating, a threshing machine in Marion county; that the tumbling rod, knuckles and joints of the same were not boxed; that the plaintiff was an employee with said machine, and, while engaged there-

with in threshing grain, he was caught by the tumbling rod and knuckles of the machine and thereby bruised and injured, for which he claims damages. The defendants, in their answer, plead three defenses, viz.: a general denial of all the allegations of the petition; that the injury was caused by the negligence of the plaintiff; and that the tumbling rods and knuckles were safely secured while running, by patent slip knuckles, etc.

A jury trial was had, and a verdict and judgment rendered for plaintiff. Defendant appeals.

*Atherton & Anderson* and *Winslow & Wilson* for the appellants.

*Stone, Ayers & Curtis* for the appellee.

MILLER, J.—This action seems to have been brought under chapter 135 of the laws of the eleventh General Assembly, which is as follows:

"SECTION 1. That any person hereafter owning or running any threshing machine in this State shall cause the two lengths of tumbling rods next the threshing machine, together with the knuckles and joints and jack of the tumbling rods, to be safely boxed or secured while running.

SEC. 2. Any person or persons owning or running any threshing machine in this State without complying with the requirements of section 1 of this act shall be held liable to the person damaged, for any damage which may be sustained by such person by reason of such neglect."

On the trial the court gave the following instructions in the charge to the jury:

6. "If you find from the evidence that defendants were running a threshing machine in the manner prohibited by law, and that the plaintiff sustained the injury of which he complains by coming in contact with one of the tumb-

ling rods not boxed or otherwise equally well secured, then the plaintiff's right of recovery cannot be defeated by slight contributory negligence on his part, and the fact (if such fact has been proved) that the plaintiff was not in a place where he was required to be, by the nature of his employment, is wholly immaterial and should receive no attention at your hands."

7. "In the case last stated the plaintiff would have a right to recover unless the injury was the result of such gross and culpable recklessness on his part as would be equivalent to willfulness."

In giving these instructions there was error. The statute does not make the defendants *absolutely* liable to the party injured, by operating a threshing machine without having the tumbling rods, etc., secured as required. They are only liable to the person who has sustained injury "*by reason of such neglect.*" In other words, they are to be held liable to one injured in *consequence* of their negligence. The statute has enacted that, to run a threshing machine without having the tumbling rods, etc., "boxed or secured while running," is *negligence, per se,* on the part of those operating it, for which they are liable to the person injured in consequence, or by reason, of such negligence. Proof of operating a threshing machine, not secured as the statute requires, is all that is necessary to establish negligence on the part of those operating it, but the statute does not change the well-established rule that where one has been guilty of negligence which may cause injury to others, still all others are bound to use ordinary care and prudence to avoid the injury; and, "that a plaintiff cannot recover for an injury resulting from the negligence of the defendant, if, notwithstanding such negligence, he might have avoided the injury by the exercise of ordinary care and prudence on his part, or if the party injured in any way contributed directly to the injury," or in other words, "where there has been mutual negligence,

and the negligence of each party was the proximate cause of the injury, no action whatever can be sustained." *Haley* v. *The C. & N. W. Ry. Co.*, 21 Iowa, 15 ; *Sherman* v. *The Western Stage Co.*, 24 id. 515 ; *Trow* v. *The Vt. Cent. R. R. Co.*, 24 Vt. 487 ; *The State of Maryland for the use, etc.*, v. *The B. & O. Ry. Co.*, 5 Am. Law Reg. (N. S.) 397 ; see, also, *Donaldson* v. *The M. & M. R. Co.*, 18 Iowa, 280 ; *McAunich* v. *M. & M. R. Co.*, 20 id. 338 ; 2 Redfield on Railways, ch. 18 ; *Spencer* v. *The Ill. Cent. R. R. Co.*, 29 Iowa, 55.

The authorities also hold that it is not sufficient for the plaintiff to prove the negligence of the defendant and the injury. He must also show that the injury was not the result of his own negligence, or that his own want of ordinary care and prudence did not directly contribute to the injury. *Donaldson* v. *The M. & M. R. R. Co.*, *supra;* *Johnson* v. *Hudson River R. Co.*, 20 N. Y. 65 ; see, also, *Dewey et al.* v. *The C. & N. W. Ry. Co.*, 31 Iowa, 373.

Of the forty-one errors assigned, we need not notice any beyond those contained in the instructions above set out. They embody the fundamental errors pervading most of the numerous other instructions given ; and the same errors are involved in the refusal of many of the instructions which were asked by defendants.

The judgment of the court below is reversed, and the cause remanded for a new trial in accordance with this opinion.

Reversed.