DODGE v. THE BURLINGTON, C. R. & M. R. R. Co.

**Railroad :** OMISSION TO HAVE SIGN-BOARD AT CROSSING : NEGLIGENCE. The omission of a railroad company to have a sign board at a high-way crossing to warn persons approaching, as provided by section 1331 of the Revision, does not render the company absolutely liable for injuries to persons or property while attempting to cross the track at such point. Evidence of such omission merely establishes the negligence of the company, and, if it appear that the plaintiffs' negligence contributed to the injury, he cannot recover.

*Appeal from Benton Circuit Court.*

THURSDAY, JUNE 20.

ACTION to recover for injuries to plaintiff's team by locomotive and cars of defendant. Demurrer to petition sustained. Plaintiff appeals.

*Conklin & St. Clair* for the appellant.

*A. S. Belt* for the appellee.

DAY, J. — The material portion of the petition is as follows : " That soon after defendants had completed their said line of railroad aforesaid, and commenced operating the same by the running of cars thereon, between Cedar Rapids and Vinton, to wit : Within six weeks or thereabouts thereafter, one A. C. Dodge, the son and agent of plaintiff and in his employ, and who had charge of and worked a team of horses belonging to plaintiff, in which was the certain horse hereinafter mentioned, was driving said team along the public road, in the township of Canton in said county, where the said railroad belonging to defendant crosses said public road, as plaintiff or his son had a right to do; that, at the time above mentioned, a locomotive and train of cars attached thereto were passing along said railroad in the direction of Shellsburg, at the usual rate of speed for such trains ; that the view of said A. C. Dodge, agent aforesaid, was so obstructed by trees and shrubbery, wood-piles and houses, that it was impossible for him to see the railroad track or the said train of cars then approaching the crossing from the north, until he was upon the said track; that the defendant, through its carelessness and negligence, had failed to erect a sign across said public road, at the said railroad crossing, warning the people to look out for the cars, as by statute in such cases made and provided ; that, on account of the said failure of defendants to erect the sign as aforesaid, the attention of the said son of plaintiff was not called to the necessity of looking out for the cars ; that, in fact, he did not think of the said railroad track, nor of there being any danger from an approaching train of cars, and did not look up and down the said track to see if there

was any train of cars approaching; and did not stop and listen to ascertain whether a train was approaching said crossing, or use any other precaution to ascertain the same, as he would have done before attempting to cross said track, if the defendants had complied with the requirements of the law, to erect the said sign-board, and thus have called his attention to the necessity of looking out for the cars and locomotive; that the said A. C. Dodge did not hear nor see the said train of cars approaching the said crossing as aforesaid, until he had driven the said team upon the said railroad track, and when the said train was within a very short distance from the said team and too late for him to remove the said team off the track and avoid the collision." The petition then alleges the injury to one of the horses in said team by means of the locomotive and cars, and concludes as follows:

· "That, although the said son and agent of plaintiff knew that there was a railroad crossing at that point, yet, on account of the short time since which defendants had had their said road completed through the said county, and been operating it, he had not become accustomed to scrutinize the said track before attempting to cross, to see if there were any trains approaching, and did not, at the time, remember that a railroad crossing was there. That on account of the failure and neglect of defendants to erect the said sign aforesaid, and thus admonish the said Dodge to so look out for cars, the said collision occurred, etc." The petition is so drawn as to set forth all the facts of the case, with special reference to the determining of the question of plaintiffs' right to recover, upon demurrer. The ground of the demurrer, which was sustained, is as follows: "Said petition states facts which avoid the cause of action in this. Said petition shows that defendant was running its cars with ordinary care and prudence; that the plaintiff's son, in approaching defendants' road, was grossly careless in failing to take reasonable precaution to ascertain

whether a train was approaching, notwithstanding he knew defendants' road crossed the highway at the place of collision, and that he was approaching said crossing; and thereby he contributed to the injury, in said petition alleged."

Section 1331, of the Revision of 1860, is as follows: " Every company organized under this act shall be required to erect at all points, where their road shall cross any public road, at a sufficient elevation from such public road to admit of free passage of vehicles of every kind, a sign with large and distinct letters placed thereon, to give notice of the proximity of the railroad, and warn persons of the necessity of looking out for the cars; and every company neglecting or refusing to erect such sign, shall be liable in damages for all injuries occurring to persons or property from such neglect or refusal."

This statute imposes a duty upon the defendant, a failure to discharge which constitutes negligence. Proof of such failure establishes one of the conditions essential to the plaintiff's right of recovery; but it does not relieve him from the necessity of establishing the other condition, to wit, that his own negligence did not contibute to the injury. It is just as incumbent upon the plaintiff to show reasonable care upon his part, when the negligence of defendant consists in the failure to observe a statute, as when it arises from any other omission or neglect. In support of this view, see the following authorities: *Reynolds* v. *Hindman*, 32 Iowa, 146; *Steves* v. *Oswego & Syracuse Railroad*, 18 N. Y. 423; *Wilcox* v. *Rome, Watertown & Ogdensburgh Railroad Co.*, 39 id. 358; *Ernst* v. *The Hudson River Railroad Co.*, 39 id. 61; *Havens* v. *The Erie Railway Co.*, 41 id. 296; *Harty* v. *The Central Railway Co.*, 42 id. 468.

The cases of *Beisiegel* v. *N. Y. Central Railroad*, 34 N. Y. 622, and *Ernst* v. *Hudson River Railroad Co.*, 35 id. 9, so far as they seem to recognize a different doctrine,

must be considered as overruled by the later New York cases.

That a party injured by the carelessness of another, cannot recover if his own want of ordinary care contributed to the injury, is too well settled to require argument, or citation of authorities.

The petition alleges that defendants' locomotive and train were passing along said railroad at the usual rate of speed, that the son and agent of plaintiff knew that there was a railroad crossing at the point where the injury occurred, but on account of the short time during which defendants had been operating their road through said county, he had not become accustomed to scrutinizing it, and did not think of the said railroad track, nor of there being any danger from an approaching train of cars, and did not look up and down the said track to see if there was any train of cars approaching, and did not stop and listen to ascertain whether a train was approaching said crossing, or use any other precaution to ascertain the same. Having knowledge of the existence of the railroad crossing, it was incumbent upon him to exercise ordinary care and precaution to prevent injury. It is plain, from the averments of the petition, that he did not do this. He thoughtlessly and heedlessly entered upon the track, without using any of his senses for the purpose of determining whether danger impended. His own want of ordinary care thus contributed to the injury sustained. It is true the petition alleges that the view of plaintiffs' agent was so obstructed by trees and shrubbery, wood piles and houses, that it was impossible for him to see the railroad track, or the said train of cars then approaching from the north, until he was upon said track. But he was aware of the existence of the track, and might have heard the train approaching, if he had taken the precaution to listen.

In addition to the authorities before cited, see *Wild's Adm'r* v. *Hudson River Railway Co.*, 24 N. Y. 430;

*Grippen* v. *N. Y. Central Railway Co.*, 40 id. 34; *Spencer* v. *Illinois Central Railroad Co.*, 29 Iowa, 55, and cases cited.   Our attention is directed to *O'Mara* v. *Hudson River Railway Co.*, 38 N. Y. 445, holding that a railway company is required to use greater diligence toward a person of tender years, or of great age, than is requisite in ordinary cases.   But, as the age of the person in charge of this team does not appear, it is not applicable to this case.

The demurrer also presents the question of the constitutionality of section 1331 of the Revision, but, as the demurrer was, in the view we have expressed, properly sustained for other reasons, a consideration of the constitutional question is not necessary.

Affirmed.