CORRELL v. THE B. C. R. & M. R. R. Co.

1. **Railroads:** NEGLIGENCE: MUNICIPAL CORPORATION. 'The running of a railroad train within city limits at a prohibited rate of speed constitutes negligence *per se*.

2. ————: ————: ————. Where the statute imposes a duty, the failure to discharge this duty constitutes negligence. Following *Dodge v. The Burlington, C. R. & M. R. R. Co.*, 34 Iowa, 276.

3. ————: ————: CITY ORDINANCE. A person about to cross a railroad track upon the public street of a city, which has an ordinance limiting the speed of railroad trains, has a right to presume, until the contrary is made apparent, that the company will not run its trains in violation of such ordinance.

*Appeal from Benton District Court.*

THURSDAY, MARCH 19.

THIS action is brought to recover of the defendant for negligently running and operating a train of cars upon its road in the city of Vinton, Iowa, whereby a mare and a mule belonging to the plaintiff were injured.

The defendant in its answer admits the injury to the stock, but denies that it occurred through its negligence, and avers

that the injury was caused by the negligence of the plaintiff. Jury trial. Verdict and judgment for plaintiff. Defendant appeals.

*Traer & Gilchrist* and *A. S. Belt*, for appellant.

*Shane & Cooper*, for appellee.

MILLER, CH. J.—I. The evidence shows that the accident occurred within the corporate limits of the city of Vinton, in Benton county, where the railway track crosses one of the public streets of that city, and that the train was at the time running at the rate of about fifteen miles an hour. It was also shown that this rate of speed was in violation of an ordinance of the city which prohibited the moving or propelling of any locomotive, engine, or car along any railroad track in the city at a greater speed than six miles per hour, under a penalty fixed in the ordinance.

1. RAILROADS: negligence: municipal corporations.

The defendant requested the court to instruct the jury as follows:

" 2. That the defendant's train was run within the city limits of the city of Vinton at a rate of speed prohibited by the ordinance of said city, is not evidence of negligence in fact, *and of itself*, and involves no consequences except liability for the penalty to the city.

" 3. It is not sufficient to charge the defendant to simply show that the train was run at a rate of speed greater than that prescribed by the ordinance. The plaintiff must show that after discovering the peril of the animals, the engineer could have so conducted as to have prevented the injury, and for this purpose the burden of proof is upon the plaintiff."

The court refused to give these instructions, and gave the following:

" As to the alleged negligence in running the train, it is conceded that the accident occurred within the corporate limits of the city of Vinton, and that at the time of the accident an ordinance of the city prohibited trains from running at a

greater rate of speed than six miles an hour within the city limits. If you find from the evidence that the defendant's servants or employes were running the train at a much greater rate of speed than six miles an hour, and that, while so running, the train ran against the horse and mule in question, this is evidence of negligence, and the defendant is liable, unless excused by reason of the alleged negligence of the plaintiff's servant. If the rate of speed was not to exceed six miles per hour, and the employes on the train, when the horses and mules came on the track, used all proper means to avoid the collision, the defendant is not liable."

The giving of this instruction and the refusal to give the two former, appellant assigns as error. The power of the city of Vinton to pass the ordinance is not questioned. The question involved is, whether the breach or violation of the ordinance imposing upon the defendant the duty of restricting the speed of its trains within the prescribed limits constitutes negligence.

In *Reynolds v. Hindman*, 32 Iowa, 146, it was held by this court that, under the statute there involved, it was negligence *per se* to run a threshing machine without having the tumbling rods, &c., "boxed or secured while running." In *Dodge v. The Burlington, C. R. & M. R. R. Co.*, 34 Iowa, 276, it was held that the omission of a railroad company to have a sign board at a highway crossing to warn persons approaching, as provided by § 1331 of the Revision, was negligence on the part of the company. Proof of such omission was there held to establish one of the conditions essential to the plaintiff's right of recovery. It is there said, per DAY, J., that "this statute imposes a duty upon the defendant, a failure to discharge which constitutes negligence."

There is this difference between the statutes involved in the cases above cited and the ordinance in this case, that, by the former, no penalty as such is imposed for the violation, but it is provided that the injured party may recover damages from the negligent one, yet we conceive no real difference in respect to the principle involved.

In the case last cited the decision is expressly based upon

the doctrine that the statute imposes a *duty* upon railroad companies to erect sign boards at highway crossings to warn persons of the necessity of looking out for the cars, and that a failure to discharge this duty constitutes negligence; so in *Reynolds v. Hindman, supra,* the principle of the decision, though not as explicitly put as in *Dodge v. The B., C. R. & M. R. R. Co., supra,* is that the statute has imposed it as a duty upon those running or operating threshing machines to see that certain portions of the machinery shall be safely boxed or secured while running, and that a failure to do this is negligence. The liability of the party in fault in either case follows by proof of this neglect of duty resulting in injury to the plaintiff, together with proof of due care on his part.

We have found but a single case holding the doctrine contended for by appellant's counsel, namely: *Brown v. The Buffalo & State Line R. R. Co.,* 32 N. Y., 191. In that case it appeared that by an ordinance of the City of Buffalo, the defendant—a street railway company—was prohibited from running its cars through the city at a greater rate of speed than six miles an hour, under a penalty of $150 for each offense. The plaintiff was injured by the defendant's cars while they were moving at a greater rate of speed than the ordinance permitted. The judge at the trial charged the jury, that if the injury would not have occurred except for such violation of the ordinance, the defendant was liable. This was held an erroneous instruction and the judgment reversed. We fully agree with the learned authors of Shearman & Redfield on Negligence, when they say: "We do not think this decision will be followed in any other State." Shear. &. Redf. on Neg. § 484 and note 2. It was rendered by a bare majority of the Court of Appeals and has been subsequently justly criticised by the same Court in *Jetter v. N. Y. & Harlem R. R. Co.,* 2 Keyes (N. Y.) 154, in the following language: "That case stands upon grounds altogether too doubtful to justify its application to cases not strictly within it. The opinion confounds all distinction between civil remedies and criminal punishments, and the authorities cited by it go no farther than to hold that, where a specific penalty is prescribed by a law

forbidding an act not *per se* criminal, the act *is not otherwise punishable as a public offense*. It failed to recognize the axiomatic truth that every person, while violating an express statute, is a wrong-doer, and, as such, is *ex necessitate* negligent in the eye of the law, and that every innocent party, whose person is injured by the act which constitutes the violation of the statute, is entitled to a civil remedy for such injury, notwithstanding any redress the public may also have. It ignores also the principle above asserted that every person pursuing his lawful affairs in a lawful way has a right to assume that every other person will do the same thing." The opinion in this case was announced by Mr. Justice Davis, and concurred in by six out of the seven other members of the court. In our judgment the case criticised cannot be maintained upon either principle or authority and ought not to be followed by us.

See, in further support of the views we have expressed, the following cases, which rest on kindred principles: *Guenther v. Dewein*, 11 Iowa, 133, and cases cited; *Marianthal v. Shaffer*, 6 Id., 223; *Davis v. Bronson*, Id., 410, 425; *Sipe v. Finarty*, Id., 394; *Craig v. Andrews*, 7 Id., 17; *David v. Ransom*, 1 G. Greene, 383; *Cole v. Parker*, 7 Iowa, 167; *Reynolds v. Nichols, &c.*, 12 Id., 398.

II. Appellant complains of a portion of the sixth instruc-

3. ——: ——: tion given by the court on its own motion. The
—— : city
ordinance.    whole instruction is as follows:

" 6. In determining this question as to whether the plaintiff's brother exercised ordinary care, you will take into account his familiarity with the crossing, his knowledge of the regular time of the arrival of trains at the crossing, the fact as to the manner in which the horses and mules were being taken over the track, the obstructions in the way of a fair observation of an approaching train, and determine therefrom, as well as from all the other surrounding circumstances, whether he was wanting in ordinary care and prudence, as above explained, in permitting the stock to go upon the track when they did. It is not for me to say what act or acts amount to negli-

gence on his part; this is for you to determine from all the evidence.

" It is proper to observe that if the brother of the plaintiff knew of the regular time of the train, and about that time was approaching the track, a greater amount of care was required than if he was doing the act at some other time.

" Another thought in this connection. In determining the question as to the negligence of plaintiff's brother, he had the right in approaching the track to assume that the trains of the plaintiff would not be running at a rate of speed greater than six miles an hour. In other words, all men have a right to expect that others will not violate the law."

The last paragraph is the portion complained of, and it is claimed in argument that it ignores the question of contributory negligence. We think that there is no reasonable ground of objection; that it is not fairly susceptible to those made by appellant in argument. It was conceded that the train was running at a greater rate of speed than six miles per hour, and there could be no prejudice resulting from the assumption of that fact as true. The language objected to, fairly interpreted, amounts to nothing more or less than telling the jury that the person about to cross the track had a right to presume, until the contrary should appear, that the defendant would not run its cars at an unlawful rate of speed. Thus understood there can be no reasonable objection made thereto. It does not in any manner contravene the doctrine of contributory negligence. It does not tell the jury that the plaintiff's brother, who was driving the horses and mules across the railroad track, might rely upon this presumption as a justification of his own negligence in approaching the crossing, but that this presumption is proper to be considered in connection with the question of contributory negligence. It enters into that question, but is not all of it. See *Langhoff's Adm'rs, v. The Milwaukee & Prairie Du Chien R. R. Co.*, 19 Wis. 489; *Jetter v. N. Y. & Harlem R. R. Co.*, supra.

III. The appellant insists that upon the evidence it is shown that plaintiff's brother, who had charge of the stock injured, and who was driving the same across the railroad

track at the place where the injury happened, was guilty of contributory negligence, and that therefore the court erred in overruling the motion for a new trial, and in rendering judgment on the verdict of the jury. This primarily was a question for the jury. The case does not come within the doctrine of *Dodge v. The B., C. R. & M. R. R. Co.*, 34 Iowa, 276; *Artz v. The C., R. I. & P. R. R. Co.*, Ib., 153; and *Carlin v. The Same*, (Dec. Term, 1873.)

We cannot say that the finding of the jury is not sustained by the evidence. On the contrary it seems reasonably probable that if the defendant's train had been moving at a lawful rate of speed, the person in charge of the plaintiff's stock would have been able, by the efforts made by him, to prevent the injury; that his conduct would have been consistent with due care on the hypothesis that he supposed the train to be moving at a lawful rate of speed. This he had a right to assume until the contrary appeared. Whether he was apprised of the true speed of the train in time to act differently from what he did, is doubtful, to say the least.

Appellant does not urge in argument the errors assigned upon other instructions, therefore they will not be noticed here.

In the view we have taken of the case, it becomes unnecessary to examine the question whether the defendant was negligent in the construction of the street crossing where the accident occurred.

The judgment of the District Court is

AFFIRMED.