Johnson, J.
I. As to the admissibility of the ordinance. It contained two provisions: 1st. It prohibited a greater rate of speed than eight miles per hour; 2nd. It prohibited trains, or sections of trains, from crossing public streets or crossings without sufficient motive power attached to control them. The evidence tended to show that deceased was injured by these detached cars, while moving at a forbidden rate of speed, and that these detached cars were not under sufficient control at the time the injury was inflicted, and when they crossed the street, to stop or start them without delay.
As the injury complained of was done while deceased was walking on defendant’s track, he, as well as the defendant, was charged with active duties for his own preservation. If he omitted these duties, and such omission contributed to the injury, he could not recover, unless such omission was without his fault. His position required great care for his own safety, and the evidence, tending to create a liability against the rail *637 road, necessarily involved the question of proper care on his part. His action in going upon the track immediately preceding the injury, put in question his due exercise of care for his own safety. In such a case the burden is on the plaintiff to show he exercised such care. Railroad Co. v. Whitacre, 35 Ohio St. 627; Robinson v. Gray, 28 Ohio St. 241; Waters v. Wing, 79 Pa. St. 211.
In the absence of knowledge of apparent danger from an approaching train, or that these detached cars were moving toward him, and were about to cross the public street near which he was, without sufficient motive power to control them, the deceased had the right, having used due caution in going upon the track, to act on the assumption that the defendant would conform to the requirements of the ordinance.
It was the duty of the deceased, if he went on defendant’s track, to look out for approaching trains, and the violation of the ordinance by the railroad agents would not relieve him from this duty; but in the absence of apparent danger, the deceased may not have been guilty of contributory negligence, if he was lulled into security by knowing of the regulations prescribed by the ordinance, and by assuming that the company would exercise such care. Correll v. B. C. R. & M. R. R. Co., 38 Iowa, 120; Jetter v. N. Y. & H. R. R. Co., 2 Keyes (N. Y.) 454; Baker v. Pendergrast, 32 Ohio St. 494.
This ordinance was admissible as reflecting upon the question of the care exercised by the deceased in view of the fact that the defendant was guilty of an act forbidden by an ordinance, which he had no reason to anticipate. Again, proof that defendant was violating this ordinance, was in its nature evidence tending to show defendant’s liability, where the injury resulted from not observing it. The statute gives a right of action where death is caused by wrongful act, neglect or default, — in other words, for an injury negligently or intentionally caused.
While the violation of a law or ordinance is not, per se, conclusive proof of negligence that will render the company *638 liable, yet it is competent to be considered with all the other evidence in the case. The ordinance was enacted for the purpose of rendering the streets more safe and convenient for the public. It is a police regulation defining what is a legitimate use of the streets by the railroad company. It was a command to those operating trains within the city limits which it was their duty to obey, and a disobedience, either willfully or negligently, resulting in injury, is some evidence to be considered in determining the defendant’s liability. It served to give character to the act causing the injury. McCarthy v. Wolfe, 40 Mo. 520; Lane v. Atlantic Works, 111 Mass. 136; St. Louis & S. E. Railway Co. v. Mathias, 50 Ind. 65; B. & O. R. R. Co. v. State, 29 Md. 252; McGrath v. N. Y. C. & H. R. R. R. Co., 63 N. Y. 522; Haas v. Ch. & N. Railway Co., 41 Wis. 50; Correll v. B. C. R. & M. R. R. Co., 38 Iowa, 120; Balt. City Pass. R. v. McDonnell, 43 Md. 534; Wabash R. R. v. Henks, 91 Ill. 406.
II. Did the court err in charging, and in refusing to charge, as appears in the statement of the case ? The charge uses the term, “ gross negligence,” as the measure of defendant’s liability. Whether this implies more than a want of ordinary care, is not clear if we consider the charge by itself. When taken in connection with the refusal to give the third request of the plaintiff, the meaning of the judge becomes clear.
That request was to charge, that if the defendant, by the use of ordinary care under the circumstances, could have avoided the injury, the negligence of the deceased in going upon the track would not prevent a recovery. By refusing this, it is implied, that the defendant is not liable for want of ordinary care.
What is the meaning of the term “gross negligence?” Whether it is synonymous with the term “ want of ordinary care,” or equivalent to fraud or intentional wrong, is not easily ascertained from the books.
This subject is discussed in Wharton on Negligence, chap. 11, §§ 26-50, and in Telegraph Co. v. Griswold, 37 Ohio St. 311, 312, and in the cases cited.
*639 If the charge stood alone, we might conclude, in accordance with the current of the later cases, that the term gross negligence meant only want of ordinary care, “ with a vituperative epithetyet taken in connection with other parts of the charge, and the refusal to charge, that if the defendant, by the use of ordinary care, could have avoided the injury, it was liable, notwithstanding the deceased was negligent in being upon the track, it is evident that the judge meant by the use of this term, the equivalent of fraud or intentional wrong. This meaning is supported by high authority. Jones on Bailments, 8-46, et seg. In this sense it was not the measure of liability.
It is insisted, however, that plaintiff has not been prejudiced, as the facts show there was no right of recovery. This does not appear upon the record. We have not got the evidence, only what it tends to prove. In such case, where there is error in the rejection of evidence, or in the charge of the court, it will be presumed that it was prejudicial to the losing party.

Judgment reversed.