Spear, J,
A somewhat extended epitome of the pleadings has been given in order that the' general character of the controversy may be the more easily comprehended. But the real question presented to this court is in a very narrow compass. Whatever the actual facts may be, the demurrers of the relator to the answers admit, for the purposes of the inquiry, the truth of the allegations therein well pleaded, and if those allegations constitute a defense to the relator's claim to recover back the money paid on the contracts for the bridges, etc., then there is no error in the judgment below. It is to be borne in mind that this is not an action in injunction to prevent the paying out of money from the treasury, nor to recover damages by reason of faulty work or excessive charges, but is simply an action to recover back the money paid under the contracts for the bridges, repairs, etc.; and further, that the contracts, though void are not, under the facts admitted by the pleadings, in this case, tainted.
*14 The inquiry involves consideration of section 2834b, Revised Statutes, the pertinent provisions of which are:
“The commissioners of any county * * * shall enter into no contract, agreement or obligation involving the expenditure of money, nor shall any resolution or order for the appropriation or expenditure of money, be passed by any board of county commissioners * * * unless the auditor * * * shall first certify that the money required for the payment of such obligation or appropriation is in the treasury to the credit of the fund from which it is to be drawn, or has been levied and placed on the duplicate and in process of collection and not appropriated for any other purpose; which certificate shall be filed and immediately recorded, * * * and all contracts, agreements or obligations, and all orders or resolutions, entered into or passed contrary to the provisions of this section shall be void.”
Also of section 1277, affording a right of action to the prosecuting attorney, which is in these terms, to-wit:
“Sec. 1277. (Duty as to restraining order.) The prosecuting attorneys of the several counties of the state, upon being satisfied that the funds of the county, or any public moneys in the hands of the county treasurer or belonging to the county, are about to be, or have been misapplied, or that any such public moneys have been illegally drawn out of, or withheld from the county treasury, or that a contract in contravention of the laws of this state has been, or is about to be entered into, or has been or is being executed, or that a contract *15 was procured by fraud or corruption, or that any property, real or personal, belonging to the county is being illegally used or occupied, or is being used or occupied in violation of the terms of any contract, or that the terms of any contract or agreement made by or on behalf of the county are being violated, or that any money is due the county, may apply, by civil action in the name of the state, to a court of competent jurisdiction, to restrain such contemplated misapplication of funds, or the completion of any such illegal contract not fully completed, or to recover back, for the use of the county, all such public moneys so misapplied or so illegally drawn out or withheld from the county treasury, or to recover, for the benefit of the county any damages resulting from the execution of any such illegal contract, or to recover, for the benefit of the county, any such real or personal property so used or occupied or to recover, for the benefit of the county, any damages resulting from the non-performance of the terms of any contract, or to otherwise enforce the same, or to recover any such money due the county.”
And, putting the question presented in terse form, it is whether or not section 1277, as above given, authorizes the recovery back of money paid on a county commissioners’ bridge contract fully executed but rendered void by force of section 2834ft, because of the lack through inadvertence, of the county auditor’s certificate as therein required, there being no claim of unfairness or fraud in the making, or fraud or extortion in the execution of such contract for such work, nor any claim of effort to put the contractor in statu quo by a return *16 of the bridge or otherwise, the same having been accepted by the board of commissioners and incorporated as part of the public highway. ■
This court is of opinion that such recovery. is not authorized. , The principle applicable to the situation is the equitable one that where one has acquired possession of the property of another through an unauthorized and void contract, and has paid for the' same, there can be no recovery back of the money paid without putting, or showing readiness to put, the other party in statu quo, and that rule controls this case unless such recovery is plainly authorized by the statute. The rule rests upon that principle of common honesty that imposes an obligation to do justice upon all persons, natural as well as artificial, and is recognized in many cases. Chapman v. County of Douglas, 107 U. S., 348; Lee v. Board of Commissioners, 52 C. C. A., 376; Bridge Co. v. Utica, 17 Fed Rep., 316.
It is an equally well established rule that the general assembly will not be presumed to have intended to abrogate a settled rule of the common law unless the language used in a statute clearly imports such intention. Holum, Admr., v. The C. M. & St. P. Ry. Co., 80 Wis., 299; Reynolds v. Hindman, 32 Iowa, 146; Renfroe v. Colquitt, 74 Ga., 618; Felix v. Griffiths, 56 Ohio St., 39.
We look in vain for any such intention clearly expressed in section 1277. Whatever right of action is given b}?- that section is devolved upon the prosecuting attorney, and the suit below was grounded upon that section and that alone. By it that officer is authorized, whenever in his judg *17 ment money of the county has been illegally drawn from the treasury, or misapplied, to apply by civil action in the name of the state to a court of competent jurisdiction to recover back the money so illegally drawn or misapplied. Here the power or right expressed ends. It does not appear that it was the intention to deprive a party who has dealt with the county honestly, and in good faith, of any legitimate defense or to impose upon the court any duty to ignore the well established rules of jurisprudence and adjudge in favor of the plaintiff upon his application whether such demand violates fundamental principles of law or not. In the absence of legislative intent clearly expressr ed, we must conclude that none was intended. As stated in Felix v. Griffiths, supra: “Where it is attempted to abrogate or modify a well established rule of common law by statute * * * the scope should not be extended beyond the plain import of the words used, where reasonable effect can be given to the amendriient without such extension.” Here reasonable effect can be given the section without extension because the right to sue for damages is clearly expressed.
The exact question arising upon this record has not before been presented to this court, although the statute itself was under review in Vindicator Printing Company v. State, 68 Ohio St., 362. That case is authority for the proposition that there may be a recovery back by the prosecuting attorney where the money has been paid for the publishing of certain notices the publication of which was not authorized by law. The publications were not only without authority of *18 law but they were of no value to either the county or the public. Therefore no property of the company had been obtained by the county. Clearly the case is not analogous to the case at bar.
Buchanan Bridge Company v. Campbell, 60 Ohio St., 406, is cited. That case simply holds that a contract for a bridge made in violation or disregard of the statutes on the subject, is void, and no recovery can be had against the county for its value. Courts will leave parties where they have placed themselves and refuse relief. It is difficult to see that this case aids the plaintiff’s contention.
The county should not be permitted to retain both the consideration and the bridges. And, as in the case above cited the court left the bridge company where it found it, so in this case the court leaves the county of Sandusky where it finds it.
The judgment of the circuit court will be

Affirmed.

Shauck, C. J., Price, Crew, Summers and Davis, JJ., concur.