## Chicago and Alton Railroad Company

### *v.*

### Julius Jacobs.

1. Negligence—*of the care required of persons in crossing a railroad track.* A traveler along a public highway, which crosses the track of a railroad, is held to the exercise of proper precaution to avoid injury upon the crossing.

2. In his approach to such crossing, it is incumbent on him to exercise care and caution by looking and listening for any train that may be approaching, so as to avoid the danger of a collision.

3. Negligence *in railroads—of comparative negligence.* In an action against a railroad company to recover for injuries occasioned by the alleged negligence of the company in running its train, although the servants of the company may have been guilty of negligence contributing to the injury complained of, still, if the plaintiff could, by the exercise of ordinary care and prudence, have avoided the injury, he can not recover.

Appeal from the Circuit Court of Sangamon county ; the Hon. John A. McClernand, Judge, presiding.

This was an action on the case brought by Jacobs against the railroad company, to recover of the latter damages for a personal injury to the former, occasioned by the alleged negligence of the railroad company. A trial by jury resulted in a verdict and judgment for the plaintiff of $2500. To reverse this judgment the defendant appeals.

Messrs. Hay, Greene & Littler, for the appellant.

Messrs. Stuart, Edwards & Brown, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

The negligence imputed to the defendant in this case is, in not ringing a bell or sounding a whistle for the required distance, and in running its train at too high a rate of speed.

There is no question that the whistle was sounded so as to give notice to persons in the vicinity of the road crossing of the approach of the train, and to lead men engaged there with teams and otherwise, except Jacobs, to take proper precautions for their safety.

As to whether the whistle was sounded or the bell rung for the prescribed distance of 80 rods, the evidence was somewhat contradictory. The rate of speed seems to have been from twelve to twenty miles an hour through the village of Broadwell, a place of three or four hundred inhabitants. But whatever the negligence in those respects which the evidence discloses on the part of the defendant, it exhibits such a degree of negligence in the plaintiff himself as, in our view, precludes his right of recovery.

A traveler along a public highway which crosses the track of a railroad, is held to the exercise of proper precaution to avoid injury upon the crossing, as well as the railroad company. In his approach to such crossing, it is incumbent on him to exercise care and caution by looking and listening for any train that may be approaching, so as to prevent the danger of a collision. *Chicago and Alton R. R. Co.* v. *Gretzner*, 46 Ill. 75; *T., P. & W. R. R. Co.* v. *Riley*, 47 Ill. 514; *Beisiegel* v. *New York Central*, 40 N. Y. 9; *The North Penn. R. Co.* v. *Heileman*, 49 Penn. 60.

The plaintiff came upon this crossing driving a wagon drawn by one horse, at about noonday. He was traveling on a public highway westward, intending to cross the track of the railroad in order to get to Elkhart. The highway crossed the railroad track at right angles. He came along it for a distance of some ten rods immediately eastward, with an unobstructed view of the railroad track for a long distance, with the exception that at one point the view was obstructed by a warehouse while passing along some 25 feet, and at another point perhaps by a car standing on a side track. Other persons engaged at work some 25 feet east of the crossing, close by whom Jacobs passed, heard and saw the train. Two of

them gave warning to the defendant by hallooing at him to stop, one of them three or four times, and also by throwing up his hand as a signal to stop. When within 15 or 20 feet of the crossing the defendant whipped up his horse with the lines and hurried him forward. It was a freight train coming from the nòrth.

The evidence forces the conclusion upon the mind that the appellee, notwithstanding he saw and heard the coming train, and in spite of the warnings given to him, was bent upon crossing the track in advance of the train, in the belief, doubtless, that he would be able to do so before the arrival of the train at the crossing. But if he took this risk, and miscalculated, he must bear the consequences of his imprudence. The statement of the appellee himself, that he did not see or hear the approaching train, or receive warning of it, can not be admitted to countervail the satisfactory testimony of other disinterested witnesses, to the effect that the contrary must have been the fact, or would have been, but for the most gross carelessness on the part of the appellee. This would be doing violence to all the received rules for weighing the credibility of witnesses.

The testimony shows such heedlessness, if not recklessness, on the part of the appellee in his attempted crossing of the railroad track, that we are satisfied the verdict is not sustained by the evidence.

The judgment must be reversed and the cause remanded.

*Judgment reversed.**

---

*Chicago and Alton Railroad Co. *v.* Julius A. Kusel.

Appeal from the Circuit Court of Sangamon county.

Per Curiam: The decision in the preceding case of *The Chicago and Alton Railroad Co.* v. *Jacobs*, must rule this case, as the cause of action is the same in both cases, except that in the present one the injury complained of, instead of being to the person, as in the former case, was to the horse and wagon of another person, the present plaintiff, which the plaintiff in the former case had the possession of, and was driving, at the time of the accident. Consequently, the judgment in the present case must be reversed and the cause remanded.          *Judgment reversed.*