Illinois Central Railroad Company

*v.*

Nannie A. Goddard, Admx.

1. Negligence—*contributory and comparative.* In a suit for damages caused by the negligence of the defendant, the plaintiff can not recover if he has been guilty of contributory negligence, unless the negligence of the plaintiff was slight and that of the defendant gross, and it is error to instruct the jury that the plaintiff can recover if the negligence of defendant was of a higher degree than that of the plaintiff.

2. Same—*what constitutes.* As a general rule, it is culpable negligence for any one to cross the track of a railroad without looking in every direction that the rails run to make sure that the road is clear.

3. Instructions—*need not be repeated.* Where the court has given an instruction to the jury at the instance of the plaintiff, it need not repeat it at the instance of the defendant.

Appeal from the Circuit Court of Jackson county; the Hon. Monroe C. Crawford, Judge, presiding.

This was an action, brought by the administratrix and administrator of James Goddard, deceased, against the Illinois Central Railroad Company, to recover damages on account of the death of said deceased, caused by the alleged negligence of the defendant, in not ringing a bell or sounding a whistle when its cars were approaching a public road crossing where said deceased was run over and killed.

Mr. George W. Wall, for the appellant.

Mr. William J. Allen, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

The court below gave, for the plaintiff, the following instruction to the jury:

"1.   The court instructs you that even though you may find, from the evidence, that the deceased was guilty of some slight negligence, yet, if you further find, from the evidence, that the defendant was guilty of gross or a higher degree of negligence than deceased, and that the death of Jas. M. Goddard was caused by such negligence on the part of the defendant, then you should find defendant guilty, if all the other material averments in the declaration have been proven, and assess the plaintiff's damages at any sum the evidence may warrant, not exceeding $5000."

This instruction was wrong in informing the jury that the plaintiff might recover if the negligence of the defendant was of a higher degree than that of the deceased.   This court has

said that the plaintiff can not recover where he has been guilty of contributory negligence, unless his negligence is far less in degree than that of the defendant (*Chicago, Burlington and Quincy Railroad Co.* v. *Dunn,* 52 Ill. 452); unless that of the defendant was greatly in excess (*Keokuk Packet Co.* v. *Henry,* 50 id. 264.) And in defining more specifically the relative degrees· of negligence, where the plaintiff is allowed to recover, although his own negligence has contributed to the injury, it is laid down that the negligence of the plaintiff must be comparatively slight and that of the defendant gross. *Galena and Chicago Union Railroad Co.* v. *Jacobs,* 20 Ill. 478; *Chicago and Alton Railroad Co.* v. *Gretzner,* 46 id. 76; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Manly,* 58 id. 300.

The court refused the following sixth and seventh instructions asked by the defendant, which is assigned for error:

"6.   The court instructs the jury that, if they believe, from the evidence, that the deceased, Goddard, might, in the exercise of ordinary care, have seen the danger, and avoided it, and that he did not do so, and that the omission of deceased to do so contributed to the result, then he was guilty of such negligence as will prevent a recovery, unless the injury was produced by wilful or intentional acts of defendant or its agent.

"7.   It is the duty of every person, when going upon or across a railroad track, to look in each direction to see if cars are approaching, and a failure to do so amounts to a want of ordinary care."

The court did instruct the jury, in the second instruction given for plaintiff, that plaintiff could not recover if the deceased was guilty of a want of ordinary care, and it was not required to repeat that instruction by giving the sixth one asked.

As respects the seventh instruction, this court has repeatedly said that it is the duty of persons about to cross the track of a railroad to look about them and see if there is danger. *Chicago and Alton Railroad Co.* v. *Gretzner, supra ; Manly's*

*case, supra; Chicago and Alton Railroad Co.* v. *Jacobs,* 63 Ill. 178; *Chicago, Rock Island and Pacific Railroad Co.* v. *Bell,* 70 id. 102; *Illinois Central Railroad Co.* v. *Godfrey,* 71 id. 500. And in Shearm. and Redf. on Negligence, section 488, it is laid down that, as a general though not invariable rule, it is culpable negligence for any one to cross the track of a railroad without looking in every direction that the rails run, to make sure that the road is clear. We see nothing in the facts of this case to except it from the general rule, and are of opinion the instruction should have been given.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*