THE CHICAGO AND NORTHWESTERN RAILWAY CO.

*v.*

JAMES M. HATCH *et al.*

1. CONTRIBUTORY AND COMPARATIVE NEGLIGENCE—*as to passing railroad crossings.* Every one is bound to know that a railroad crossing is a dangerous place, and he is guilty of negligence unless he approaches it as if it were dangerous.

2. If a person drives upon a railroad track, at a crossing which he knows to be dangerous, without looking out or listening to ascertain whether a train is approaching, and is struck by an approaching train, he is guilty of such negligence as would prevent his recovering against the company, unless it appears that the company was guilty of gross negligence.

3. It is not the exercise of ordinary care and prudence for a person to drive on to a railroad crossing, known to him at the time to be dangerous, without making an effort to ascertain whether a train is approaching, or whether it is safe to drive on the track with his team.

4. Persons traveling along a highway which crosses a railroad track, and the trains of the railroad company, have an equal right to pass over the crossing, and it is the duty of both to use reasonable and prudent precaution to avoid accident and danger; the one to look out for the approach of trains, and the other to give the required signals and warning of their approach.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. B. C. COOK, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Judgment was rendered in favor of appellees, and against appellant, in the court below, in an action on the case, for negligence, to reverse which this appeal is prosecuted.

The alleged negligence consisted in the running of a train composed of three or four cars and an engine, backwards, against a one-horse wagon, laden with stoves and cement,

belonging to appellees, as it was crossing appellant's track, in one of the streets of the city of Chicago.

It appears, from the evidence, that at the place at which this happened, there were three tracks belonging to appellant, laid on the street, and which had been used by it for moving its trains for a number of years. The teamster in charge of appellees' wagon knew that the crossing was dangerous, and had been familiar with it for four or five years. He made no effort to ascertain whether there was danger before passing on to the crossing, but directed his attention, as he says, to getting his horse up the grade. The evidence fails to show that appellant's train was being run at an improper rate of speed, and there is one witness, apparently disinterested, who testifies that he notified the teamster of the approaching train, although the teamster denies he received such notice. There is also evidence, given by a brakeman who was on the car that struck the wagon, that the teamster, on first seeing the approaching car, and while out of danger, stopped his horse very suddenly, throwing him back on his haunches, and then urged him forward across the track; and this is only partially contradicted by the teamster.

Appellant asked the court to give the following, among other instructions, to the jury, which the court refused:

"2.   The jury are instructed, as a matter of law, that both the plaintiffs and the defendant, the railway company, had an equal right to cross the street at the point where the accident happened, and that the law imposes upon both parties the duty of using reasonable and prudent precaution to avoid accident and danger; and, while it was incumbent upon the railway company to run its train on the occasion referred to, and to give the required signal by ringing the bell for eighty (80) rods before reaching the crossing, it was also the duty of the plaintiffs to look out for the approach of the train, and to observe all reasonable precautions before attempting to cross the railway track.   .

"4.    If the evidence in this case shows that Swift, the driver, took the risk of crossing in front of the engine before it could strike him, and in this he was mistaken, that he miscalculated, and, from any cause of his own, was not able to pass safely in front, the plaintiffs must bear the loss, and the jury must find for the defendant.

"7.    Every person is bound to know that a railroad crossing is a dangerous place, and he is guilty of neglect unless he approaches it as if it were dangerous.    If Swift, the driver of the team in question, knew the crossing where the accident complained of occurred was a dangerous one, he was bound to know that a train might be approaching; and if he did not look or listen to ascertain if one was coming, but, on the contrary, drove directly on the track, and the accident resulted, he was guilty of such negligence as precludes the plaintiffs from recovering in this case, unless the plaintiffs have gone further and proven to the satisfaction of the jury that the railway company upon such occasion was guilty of gross negligence.

"8.    It is not the exercise of ordinary care and prudence for a person to drive with a horse directly on to a railroad crossing, known to him at the time to be dangerous, without making an effort, by stopping or listening, or otherwise, to ascertain whether a train is approaching, or whether it is safe to drive on the track with his team."

These instructions were pertinent to facts proved, and they embody principles which have been many times announced by this court.    The following, not to mention other cases, fully sustain their correctness:    *Chicago, Burlington and Quincy Railroad Co. v. Van Patten, Admx.* 64 Ill. 510; *The Chicago and Rock Island Railroad Co.* v. *McKean,* 40 id. 218; *Chicago and Alton Railroad Co.* v. *Jacobs,* 63 id. 178; *Chicago and Alton Railroad Co.* v. *Gretzner,* 46 id. 75; *Toledo, Peoria and Warsaw Railway Co.* v. *Riley,* 47 id. 514; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee, Admx.* 68 id. 578.

Nor were there any instructions given, either on the part of appellant or of appellees, supplying their omission.

What purported to be an ordinance of the city of Chicago, in regard to appellant's duty in keeping a flagman, was read in evidence, over appellant's objection, without any preliminary proof being offered to show that it was, in fact, an ordinance. This was improper, but whether in itself sufficient to authorize a reversal, it is not important, in the present instance, to determine.

For the error in refusing to give the foregoing instructions, the judgment is reversed and the cause remanded.

*Judgment reversed.*