BENTON v. THE CENTRAL RAILROAD OF IOWA.

1. **Negligence:** DUTY AT CROSSING. In an action for damages against a railway company for injuries received by a collision at a crossing, the following instruction was given: " If you believe from the evidence that the plaintiff neither stopped his team nor made any effort to see or hear the train before he drove on the railroad track; and you further believe that if he had stopped and looked he could have seen the train, or if he had listened he could have heard it, then he cannot recover:" *Held*, to embody the correct rule of law.

2. ———: ———: BURDEN OF PROOF. To entitle the plaintiff to recover, he must have affirmatively established reasonable care upon his own part while proving negligence on the part of the company's employes.

*Appeal from Mahaska District Court.*

THURSDAY, DECEMBER 16.

THE plaintiff brings this action to recover for alleged injuries received by the plaintiff, by being struck by defendant's cars on the crossing of a highway on defendant's railroad, while the plaintiff was on said crossing with a loaded team. Jury trial. Verdict and judgment for plaintiff. Defendant appeals.

*Seevers & Cutts*, for appellant.

Where a person, knowingly about to cross a railway track, can have an unobstructed view of the track so as to know of the approach of a train in time to avoid an accident, he cannot recover therefor, as a matter of law, although the company may have been negligent. (*Artz v. C., R. I. & P. R. Co.*, 34 Iowa, 153.) If it should appear in the petition in such a case that the person injured failed to look or listen for the train, before going upon the track, his petition would be demurrable. (*Dodge v. B., C. R. & M. R. Co.*, 34 Iowa, 276; *Penn. R. Co. v. Beal*, 73 Pa. State, 504; *Spencer v. Ill. Cen. R. Co.*, 26 Iowa, 60; *Dascomb v. Buffalo R. Co.*, 27 Barb., 222.) One who comes in collision with a train without using the ordinary means of discovering his danger, cannot be said to

use ordinary care.  (*Haring v. N. Y. & E. R. Co.*, 13 Barb., 911.)  A traveler approaching a railway track should use his eyes and ears to ascertain whether a train is at hand.  (*Havens v. Erie R. Co.*, 41 N. Y., 296; *Wilcox v. Rome R. Co.*, 39 N. Y., 358; *Wilds v. Hudson R. R. Co.*, 24 N. Y., 430; *Shaw v. Boston R. Co.*, 8 Gray, 45; *Butterfield v. Western R. Co.*, 10 Allen, 532.)  If by reason of any intervening obstruction an approaching train could not be seen, plaintiff was bound to use greater care and watchfulness in driving upon the track.  (*Bellefontaine R. Co. v. Hunter*, 33 Ind., 335.)

*Crookham & Gleason*, for appellee.

Where the view of the track to one approaching it is obstructed, or there are circumstances calculated to throw him off his guard, it then becomes a question of fact for the jury to determine whether the accident was the result of his negligence.  (*Artz v. C., R. I. & P. R. Co.*, 34 Iowa, 161.)  If the evidence is conflicting and the jury finds even against the weight of the evidence, the court will not disturb the verdict.  (*Hallam v. Haywood*, 21 Iowa, 398; *Wadsworth v. Harrison*, 14 Id., 272.)  It was sufficient upon the question of negligence to instruct the jury that if plaintiff was not using due care in approaching the crossing, if he did not use his senses of sight and hearing, and the failure to do so was the cause of the accident, he cannot recover.  (*Spencer v. Ill. Cen. R. Co.*, 29 Iowa, 55; *Black v. B., C. R. & M. R. Co.*, 38 Id., 515.)

MILLER, CH. J.—The plaintiff alleges in his petition that at a point on defendant's railroad, about one-half mile west of Oskaloosa station, where the public road leading from Beacon station, on the Des Moines Valley Railroad, to Oskaloosa, crosses the railroad of the defendant, a train of cars, operated by the agents and employes of defendant on its road, was negligently and carelessly run upon the plaintiff, severely injuring him.  Also, that the defendant was negligent in failing to construct at said crossing a good and safe crossing,

but carelessly and negligently permitted the same for a long time to be and remain in a bad condition.

The plaintiff further alleges that at the time he was so injured by the negligence of the defendant's employes, " he approached said crossing in a careful manner, and was using both his senses of hearing and seeing, and that he was driving a heavily loaded team down the hill which led to said crossing, and that he was unable to hear or see the approaching train," and that the injury was wholly caused by the alleged acts of negligence on the part of the defendant and its servants and employes.

The evidence shows that for more than a year previous to the accident the plaintiff had been driving a team on the same road between Beacon and Oskaloosa, crossing the railroad of the defendant at the same point six or eight times each day; that the crossing was inferior; that it is near the foot of a hill, down which the highway passes; that the crossing is in a cut, and the cars cannot be seen from the highway when close to the crossing, but that about a-quarter of a mile back therefrom they can be seen. The descent to the crossing was about one hundred yards. The weather was dry and the roads good at the time. The plaintiff was driving a team loaded with marble and furniture; two other teams were in company with plaintiff's. The plaintiff testifies that he did not see or hear the train, nor did he stop to listen, and he does not testify that he looked or made any effort to discover whether a train was approaching. He drove on without stopping, and was struck by the train on the crossing and severely injured. The evidence is conflicting as to whether the whistle was sounded in time to give warning of the approach of the train. It further appears from the testimony that when the plaintiff was on the level just before commencing the descent of the hill, he could have seen the train if he had looked, and also if he had stopped his team and listened at any point between that and the crossing he could have heard it. This is clearly shown by the testimony of plaintiff's own witnesses, and there is nothing in the evidence to the contrary.

At the close of the evidence for plaintiff, the defendant moved the court to dismiss the plaintiff's action on the ground, substantially, of a want of evidence to show ordinary care on his part, and that the evidence affirmatively showed that he was injured through his own negligence. The motion was overruled, and defendant excepted.

On the trial the court, on request of the defendant, gave to the jury the following instruction: "If you believe from

1. NEGLI- the evidence that the plaintiff neither stopped his
GENCE: duty
at crossing. team nor made any effort to see or hear the train before he drove on the railroad track; and you further believe that if he had stopped and looked he could have seen the train, or if he had listened that he could have heard the train, then he cannot recover, and your verdict must be for the defendant."

The court also, on its own motion, instructed the jury to the effect that, to entitle the plaintiff to recover, there must

2. ——: ——: be a preponderance of evidence that plaintiff was
burden of
proof. injured in the manner alleged, that the collision was caused by the negligence of the defendant, and that the plaintiff "was not himself guilty of a want of reasonable care and prudence which contributed to the injury."

Appellant also moved for a new trial, on the grounds, among others, that the verdict was against the evidence and contrary to the instructions of the court.

We need not determine whether the court should have sustained the motion of appellant to dismiss, since the motion for a new trial involves also the sufficiency of the evidence to sustain the verdict.

The instructions of the court above referred to embody the law as settled by this court. See *O'Keefe v. The Chicago, R. I. & P. R. Co.*, 32 Iowa, 467; *Carlin v. The Same*, 37 Id., 316, and cases cited on page 322. There is absolutely no evidence of care on the part of the plaintiff; on the contrary, it clearly appears that he was negligent in undertaking to cross over the railroad track without making any effort whatever to discover whether there was a train approaching. He neither looked nor listened, but thoughtlessly drove into the

danger. It may have been that the immediate noise of his wagon prevented him from hearing. If this was so, he should have stopped his team and listened. One of his own witnesses who was also driving a team about 150 yards in the rear of plaintiff heard the train before it reached the crossing and before plaintiff commenced the descent of the hill to the crossing, and he heard it without even stopping his team. It is beyond question, therefore, that plaintiff by stopping his team and listening would also have heard the train in time to have avoided the injury.

Not only is there an entire absence of evidence to prove an integral part of plaintiff's case, due care on his part, but his negligence is affirmatively shown. The court, therefore, erred in overruling appellant's motion to set aside the verdict and for a new trial.

We need not notice other errors assigned, since for that above noticed the judgment must be

REVERSED.