LANG v. THE HOLIDAY CREEK R. & COAL MINING CO.

1. **Negligence**: EXERCISE OF THE SENSES. It is the duty of one coming upon a railroad track to employ the senses of seeing and hearing to ascertain whether or not a train is approaching, and a failure to do so constitutes negligence, which will defeat a recovery.

2. ———: RAILROADS: SIGN AT CROSSING. The failure to erect a sign at a crossing renders railway companies liable only for damages sustained by the neglect or refusal to erect the signs, and does not release a party seeking to recover from the necessity of establishing due care in the premises.

*Appeal from Webster District Court.*

FRIDAY, OCTOBER 25.

THIS case is the same as that reported in 42 Iowa, 677. The defendant owned and operated a coal mine, located a little more than a mile from Carbon station, on the Illinois Central Railroad, and put in a spur track over its own land, extending from the coal shaft to the Illinois Central Railroad track, over which coal for some years had been hauled by horses in Illinois Central Railroad cars. For about four months prior to the accident for which plaintiff sues, a pony steam engine had been used by defendant for hauling the coal cars. The deceased, William Lang, the plaintiff's husband, was a coal miner employed by defendant.

The original petition alleges that "the defendant, in running its cars on its track, in Webster county, Iowa, so carelessly,

unskilfully and negligently conducted, ran and managed the same that the said William Lang was run over and killed thereby, while rightfully passing along and across the track of said defendant."

The evidence shows that deceased, on the 23d day of January, 1873, while passing along the track of the defendant's road, facing a violent wind and snow storm, with a flannel scarf one foot wide and sixty-nine inches long wrapped around his head and ears, was run over from behind by defendant's engine and three loaded coal cars, and killed.

The jury were directed by the court to find specially as to certain facts, and they returned a special and general verdict as follows:

"Did the persons in charge of the train at the time of the accident ring the bell or sound the whistle? *Answer*. No.

"Could the persons upon the train, by the exercise of ordinary diligence and care, have seen the deceased in time to have avoided the accident? *Ans*. Jury disagree.

"Was the custom of the miners and other employes of the defendant, in walking upon the track in going to and returning from their work, known to the officers of defendant? *Ans*. Yes, it was.

"Was deceased walking lengthwise along defendant's coal track at the time he was struck by the cars? *Ans*. Yes.

"Was the defendant accustomed to run trains over its road daily, at irregular intervals, and without any fixed time, and was deceased acquainted with such custom? *Ans*. Yes.

"Did deceased, while going along defendant's track, look or listen for an approaching train? *Ans*. Jury disagree.

"Did deceased, while going along defendant's track, look and listen for an approaching train? *Ans*. Jury disagree.

"We, the jury, find for the plaintiff, and estimate her damages at six thousand seven hundred and fifty dollars.
"*Your Honorable Judge:*

"DEAR SIR: We, the jury, cannot agree, and ask to be discharged."

The defendant objected to this verdict being received because it was inconsistent and contradictory, and because the' jury failed to agree and failed to answer the special findings.

The court overruled the objection, received the verdict and discharged the jury, to which the defendant excepted. The defendant afterward moved the court to set aside the general verdict, upon the ground, among others, that it is in opposition to the special verdicts, and the jury disagreed upon the special questions submitted to them. On the 29th day of September, 1877, the court sustained the motion and ordered that the verdict be set aside.

Afterward, on the 1st day of October, being the last day of the September Term of said court, the plaintiff filed a motion to set aside the order of the court setting aside the verdict and granting a new trial, and asking for judgment on the general verdict. In the last hour of the session the court considered the motion and granted the same, to which defendant excepted.

After the court had announced its decision, but before the same had been entered of record, the plaintiff filed an amendment to the petition in substance alleging that the defendant negligently, carelessly and unskilfully made up its train so that the same was dangerous and unsafe to persons passing along or crossing its track; that the train was entrusted to an insufficient number of persons; that there were but two persons in charge thereof, who were inexperienced and incompetent; that the cars were run at an unusual and dangerous rate of speed, and were not furnished with suitable brakes; that at the place of the injury the railroad crossed a highway, and deceased was passing along the highway, and the defendant omitted to erect at the highway crossing a sign to give notice of proximity of the crossing, and warn persons of the necessity of looking out for the cars; that it was impossible for the deceased, in the exercise of ordinary diligence, to see or hear said train, and the defendant did not ring a bell or

sound a whistle. Thereupon the court entered judgment against the defendant, upon the general verdict.

The defendant excepted, and appeals.

*J. F. Duncombe* and *O'Connell & Springer*, for appellant.

· *Galusha Parsons*, for appellee.

DAY, J.—I.   The evidence is very clear, and, as we understand it, without any conflict, that from the point where the

1. NEGLIGENCE: exercise of the senses.

accident occurred, in the direction that the train approached, the view is clear and unobstructed for a distance of fifteen hundred and twenty-three feet.   The court, at the instance of the defendant, instructed the jury as follows : "If you find from the evidence that deceased could have seen the approaching train by looking in the direction of it before he was struck, and in time to have avoided the collision, and omitted to do so, such omission was negligence, and you should find for the defendant ; and the burden of proving that he did so look is upon the plaintiff ;" and further : "The plaintiff must show that deceased was using ordinary care, and that he did not, by his own negligence, contribute to the accident ; and ordinary care requires that persons walking upon the railroad track shall use their ordinary senses, and they should look out for trains or engines approaching from behind."

That the burden of proof is upon the plaintiff to show, either from direct proof or from circumstances, that the injured party did not by his own negligence contribute to the injury, see the following authorities : *Patterson v. The B. & M. R. R. Co.*, 38 Iowa, 279 ; *Muldowney v. The Illinois Central R. Co.*, 32 Iowa, 176 ; *Spencer v. Illinois Central R. Co.*, 29 Id., 55 ; *Baird v. Morford*, Id., 531 ; *Reynolds v. Hindman*, 32 Id., 146 ; *Greenleaf v. Illinois Central R. Co.*, 29 Id., 14 (46) ; *Hoben v. The B. & M. R. R. Co.*, 20 Id., 562.

That it is the duty of one coming upon a railroad track to employ the senses of seeing and hearing to ascertain whether

a train is approaching, and that a neglect to do so constitutes negligence which will defeat a recovery, see *Dodge v. B. C. R. & M. R. Co.*, 34 Iowa, 276; *Benton v. The Central Railroad of Iowa*, 42 Iowa, 192, and authorities cited. Before the jury were authorized to find a general verdict against the defendant they should have been able to find from positive testimony, or from the circumstances proved, that the deceased looked or listened for the approaching train, and perhaps that he did both. This is a material fact necessary to be agreed upon in order that the general verdict may be maintained. The jury reported that as to this fact they disagreed. Their general verdict was inconsistent with this special finding, unless the case falls within the exception which we proceed to consider in the next division of this opinion.

II. An exception to the rule that there can be no recovery for an injury to which the injured party contributed by his negligence is that the defendant can not escape liability for an act done after it discovered the negligence, if it could then have avoided the injury by the exercise of reasonable care. *Morris v. The C. B. & Q. R. Co.*, 45 Iowa, 29, and cases cited. There is no evidence in this case that the agents of the defendant in charge of the train knew that deceased was on the railway track. The jury disagreed upon the question whether the persons upon the train, by the exercise of ordinary care, could have seen the deceased in time to have avoided the injury. This case does not, therefore, fall within the exception above named.

III. The injury to the deceased occurred at or near a highway crossing, at which the defendant had not erected a sign, 2. ——: railroad: sign at crossing. as prescribed in section 1288 of the Code. It is claimed by the appellee that, under this section, it is only necessary for the plaintiff to prove such neglect, and that the absence of contributory negligence on the part of the deceased need not be shown. This statute simply renders the railroad company liable for damages sustained by reason of the refusal or neglect to erect a sign. It is appar-

ent that it is intended as. a warning to and for the protection of persons about to cross the railway track. In this case the deceased entered upon the railroad track a long distance from the highway crossing, and he was walking along the track lengthwise when he sustained the injury. It cannot be claimed that this damage was sustained by reason of the failure to erect a sign. We think the order of the court setting aside the general verdict, and granting a new trial, should have been allowed to stand.

IV. The defendant moved the court upon the whole record that the judgment be entered in favor of defendant. This motion was properly overruled. The court, upon the record disclosed, could only set aside the general verdict, and grant a new trial. Other questions have been argued which it is not necessary to consider.

REVERSED.